# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS


**ROBERT J. ANTION,**
**Petitioner**

**FILED**

**April 7, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 16-1002 (Original Proceeding)**

**BOARD OF LAW EXAMINERS,**
**Respondent**


## MEMORANDUM DECISION


This matter is before the Court on exceptions filed by petitioner, Robert J. Antion, to the Board of Law Examiners' (hereinafter "the Board" or "the Board's") October 4, 2016, decision to deny his application to take the West Virginia bar examination because petitioner failed to meet the educational requirements specifically set forth in Rules 2.0[1] and 3.0[2] of the West

---

[1] Rule 2.0 provides:

> General requirements for admission. An applicant is eligible for admission to the practice of law in West Virginia upon establishing to the satisfaction of the Board of Law Examiners: (1) age of at least eighteen (18) years; (2) good moral character and fitness; (3) graduation from an approved college or university with an A.B., B.S., or higher degree, or its equivalent; (4) graduation from an approved law school with an L.L.B., J.D., or its equivalent under Rule 3.0(b); . . . .

[2] Rule 3.0 provides:

> Admission by examination. (a) *Course of Study.* – Unless otherwise specified herein, any person who wishes to take the bar examination in the State of West Virginia shall satisfy the Board that he or she has completed a full course of study in a law school accredited by the American Bar Association, or its equivalent, and has been granted and holds a degree of L.L.B. or J.D., or their equivalents, and a degree of A.B. or B.S., or higher degree, from an accredited college or university, or its equivalent.
>
>  (b) *Policy on equivalency.* —The Board of Law Examiners will consider the following circumstances to be the equivalent of completion of a full course of study in a law school accredited by the American Bar Association, and an applicant meeting the standards set forth herein shall be presumed to be eligible to take the West Virginia Bar Examination; providing that all other requirements set forth in Rule 3.0, et seq., for admission to the bar examination are met; *Provided,* That graduates of correspondence law courses, including law schools providing more than 50% of classes as Internet-based classes, shall not be eligible to take the West Virginia Bar Examination . . . .

1

Virginia Rules for Admission to the Practice of Law (hereinafter also referred to as "the Rules"). Robert J. Antion is representing himself. The Board is represented by John M. Hedges, Esq., and filed a response in support of the Board's decision.

The Court has carefully reviewed and considered the pleadings, together with the appendix record before the Court.[3] This case does not involve a substantial question of law, and the Court does not disagree with the decision of the Board as to the question of law. Therefore a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure. We agree with the finding of the Board that petitioner is not eligible for admission to the practice of law by examination and his application to take the West Virginia bar examination is denied.

Facts and Procedural Background

Petitioner is a graduate of Concord Law School of Kaplan University, which is not accredited by the American Bar Association and is comprised entirely of an online curriculum. In 2015, petitioner took the California bar examination but did not achieve a passing score. Petitioner applied for admission to practice law through examination in West Virginia on January 28, 2016. His application was returned, without review at that time because applications are not accepted before March 1 for the July bar examination. Petitioner later submitted his application timely.

Upon review of petitioner's application and accompanying records, by letter dated March 2, 2016, the Board denied his application based upon his failure to meet the educational requirements of Rules 2.0 and 3.0 of the Rules.[4] Rule 3.0(b) concerns the policy on equivalency and does not permit graduates of law schools providing more than 50% of classes as Internet-based classes to take the West Virginia Bar Examination. *See supra* note 2. Specifically, the Board found that as a graduate of a law school providing more than 50% of classes as Internet-based classes, he is not eligible to take the West Virginia Bar Examination.

Following the denial, petitioner timely requested an administrative hearing pursuant to Rule 6.0. An administrative hearing was held on May 25, 2016. Petitioner testified regarding his education and experience. He attended classes remotely through a curriculum comprised entirely online.

---

[3] Petitioner did not include the Board's October 4, 2016, decision with the appendix. The entire record, however, is available to the Court under Rule 6(b) of the Rules of Appellate Procedure. The rule provides that "[t]he Court, upon its own motion, may consider portions of the record other than those provided by the parties." Therefore, the Court supplements the appendix record on appeal with the October 4, 2016, decision by the Board.

[4] All references to the Rules herein are to those in effect at the time of petitioner's application. In adopting the Uniform Bar Examination, the Rules were amended by order entered October 5, 2016.

The hearing examiner issued his findings and conclusions in a report dated September 27, 2016. The hearing examiner concluded that the Board's decision that petitioner does not meet the educational requirements of the West Virginia Rules for Admission to the Practice of Law must be affirmed and recommended that petitioner's application be denied.

On October 4, 2016, the Board reviewed the hearing examiner's report, together with the transcript of the hearing and the documentation that petitioner submitted in support of his application. The Board voted to deny petitioner's application based on his failure to meet the educational requirements in Rules 2.0 and 3.0. In accord with Rule 3.0, the Board does not have discretion to waive or modify this requirement, regardless of an applicant's other credentials.

Standard of Review

This Court is vested with the authority under article VIII, section one of the West Virginia Constitution "to define, regulate and control the practice of law in West Virginia." Syl. Pt. 1, *Lane v. W. Va. State Bd. of Law Examiners*, 170 W.Va. 583, 295 S.E.2d 670 (1982). Pursuant to this authority, this Court has promulgated the West Virginia Rules for Admission to the Practice of Law.

Pursuant to Rule 6(e) of the Rules for Admission, the petitioner filed exceptions with this Court to the Board's decision. We consider this matter under the following standard:

> This Court reviews *de novo* the adjudicatory record made before the West Virginia Board of Law Examiners with regard to questions of law, questions of application of the law to the facts, and questions of whether an applicant should or should not be admitted to the practice of law. Although this Court gives respectful consideration to the Board of Law Examiners' recommendations, it ultimately exercises its own independent judgment. On the other hand, this Court gives substantial deference to the Board of Law Examiners' findings of fact, unless such findings are not supported by reliable, probative, and substantial evidence on the whole record.

Syl. Pt. 2, *Matter of Dortch*, 199 W.Va. 571, 486 S.E.2d 311 (1997).

Discussion

In petitioner's exceptions, he argues that although his legal education at Concord was entirely online, he attended classes via live feed. He argues further that the prohibition against graduates of "correspondence law courses, including law schools providing more than 50% of classes as Internet-based classes" sitting for the bar exam violates the Equal Protection guarantees of the West Virginia Constitution by treating those who attend Internet-based colleges differently, without any rational basis. *See* W. Va. Const. art. III, §10. He argues that being treated differently because he received his legal education online has no rational basis. *See* Syl. Pt. 2, *Israel v. W. Va. Secondary Schools Activities Comm'n*, 182 W. Va. 454, 388 S.E.2d 480 (1989); *See also Lewis v. Canaan Valley Resorts*, 185 W. Va. 684, 408 S.E.2d 634 (1991). In the specific case of Concord, petitioner argues that there is no rational basis to treat the Internet-based education differently because students attend classes in real-time. Petitioner argues that Rule 3.0(b) should not provide such a blanket exclusion on applicants who receive an Internet-based legal education, regardless of the quality of the education, because the bar exam is designed to measure an applicant's knowledge of the law. Petitioner asks the Court to grant him a waiver of the educational requirements set forth in the Rules for Admission to the Practice of Law and permit him to take the West Virginia bar examination.

The Board, in response, argues that petitioner does not qualify to sit for the bar examination because he does not meet the educational requirements for admission to the practice law in West Virginia. The Board asserts that petitioner, as a graduate of a law school with its curriculum entirely online, is not permitted to take the bar examination pursuant to Rule 3.0(b). Equal protection principles are involved only when a classification treats similarly situated persons differently. As the Board argues, "[a]ll law school graduates seeking to take the West Virginia Bar Exam are **not** similarly educated ...." Under a rational basis analysis, distinctions in an applicant's educations must not be arbitrary or irrational. Additionally, the Board argues that courts have held that a rational relationship to a legitimate state purpose exists in the nature of the legal education of bar applicants such that it requires different treatment. *See Bib'le v. Committee of Bar Examiners*, 162 Cal. Rptr. 426, 606 P.2d 733 (1980); *Huffman v. Montana Supreme Court*, 372 F. Supp. 1175 (D. Mont.), *aff'd*, 419 U.S. 955 (1974); *Goldsmith v. Pringle*, 399 F. Supp. 620 (D. Colo.) (1975). The Rules classify applicants for the bar examination based upon a rational relationship to their legal education. In the case of petitioner, he is a graduate from a law school not accredited by the ABA. Therefore, the equivalency rule is implicated for him. Rule 3.0(b) sets forth in its subparagraphs the circumstances that can be considered to establish that an applicant has received a legal education equivalent to the otherwise required education by an ABA-accredited law school. The equivalency rule specifically excludes applicants who receive 50% or more of their education online. Petitioner is not similarly situated to those applicants who graduate from an ABA accredited law school. The Board argues that there is a rational basis for treating applicants differently because it is related to the purpose for which the rule seeks to accomplish –

4

competence in the practice of law. The Board does not find any basis for a waiver of the rules to permit petitioner to take the bar examination without having the required legal education.

Under the law as set forth by both the Constitutions of the United States and West Virginia, "[e]qual protection of the law is implicated when a classification treats similarly situated persons in a disadvantageous manner." Syl. Pt. 2, in part, *Israel v. W.Va. Secondary Sch. Activities Comm'n.,* 182 W.Va. 454, 388 S.E.2d 480 (1989); U.S. Const. Amend. IV; W.Va. Const. art. III, § 10. Further, "[t]he Constitution does not require things which are different in fact . . . to be treated in law as though that were the same." *Frasher v. W. Va. Bd. of Law Examiners,* 185 W. Va. 725, 729, 408 S.E.2d 675, 679 (1991) (quoting *Tigner v. Texas*, 310 U.S. 141, 147, 60 S. Ct. 879, 882 (1940). Petitioner's claim to an equal protection violation was found to be without merit by the Board, and we agree. The Board recognized that petitioner, who was educated online, is not similarly situated to applicants who were educated at ABA-accredited law schools in the United States.

Thus, our focus turns to whether the Board correctly concluded that Rule 3.0(b) prohibits graduates of an online Internet-based law school from applying for admission to practice law by bar examination. We conclude it did. Petitioner does not satisfy the general requirements for admission because as a graduate of a law school not accredited by the ABA, equivalency was not met. Under Rule 3.0(b), equivalency cannot be met when an applicant is a graduate of correspondence law courses, including law schools providing more than 50% of classes as Internet-based classes. Petitioner has not met the educational requirements for eligibility to practice law in West Virginia. Therefore, he is not currently eligible for admission to practice law in West Virginia by examination.

Upon consideration of the applicable standard of review and the record, this Court finds that petitioner's exceptions have no merit, and, therefore, we affirm the Board's finding that petitioner, Robert J. Antion, is not eligible for admission to the practice of law by examination in West Virginia. We decline to grant petitioner a waiver. His application to take the bar examination is denied.

Affirmed.

**ISSUED:** April 7, 2017

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker